# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>ZINNIA GONZALEZ ELIZALDE,<br><br>                       Defendant. | Case No.: 02-cr-2253- L<br><br>**ORDER DENYING MOTION FOR EXPUNGEMENT** |

Defendant, proceeding pro se, filed a Motion for Expungement requesting that her prior conviction for bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) be expunged. Defendant was charged by Indictment in August 2002 and pled guilty to the charges in October 2002. Defendant seeks to expunge this conviction to further her career in the medical field. (Mot. 1).

A defendant who seeks expungement requests "judicial editing of history." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). .) "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). Expungement on its own "does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id.* (quoting *Dickerson*, 460 U.S. 103,121-22 (1983).)

1

The Ninth Circuit recognizes two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *Crowell*, 374 F.3d at 793. Where a statute governs, "Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id*. at 792. Alternatively, federal courts have inherent authority to grant expungements of criminal records in appropriate and extraordinary cases, although this is not a general power granted by Congress. *Id*. at 793. Under that authority, district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations" because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*.

Elizalde requests that the Court expunge her conviction for bringing in illegal aliens under 8 U.S.C. § 1324(a)(2)(B)(iii), noting that she did not understand the severity of "crossing someone not knowing what kind of background they might have." (Mot. 1) Since that time, Elizalde explains she has grown up to be a law abiding citizen and has not gotten "into any other problems since then." (*Id*.) She is seeking to have the Court expunge her federal conviction so she may pursue a career in the medical profession.

Though the Court recognizes and commends Ms. Elizalde for her maturity and law-abidingness, under *Crowell*, the Court does not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations." *Crowell*, 374 F.3d at 794. Collateral consequences, such as obstacles to pursuing a career in the medical profession, are insufficient to warrant relief. *See Sumner,* 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief such as enhancing employment opportunities.) Instead, the Court is limited to expunging the record of an unlawful arrest or conviction, or to correcting a

2

02-cr-2253- L

clerical error." *Id.* There is no suggestion that Ms. Elizalde's conviction was in any way unlawful or invalid, or that there was any clerical error. *See Crowell*, 374 F.3d at 794. Though Ms. Elizalde's career prospects may be limited by her prior conviction, the Court cannot grant expungement for that reason. *See id.*

In light of the foregoing, the Court **DENIES** Ms. Elizalde's motion to expunge.

**IT IS SO ORDERED**

Dated: April 24, 2017

Hon. M. James Lorenz
United States District Judge